UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
LUKE HERRIGEL,

                      Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
LAUREN GARCIA, Shield No. 7077, PAUL LONCKE,
Tax No. 936971, OSVALDO CONTRERAS,
Tax No. 959565, PATRICK GROVES, Tax No. 953931
Individually and in their official capacities,

                      Defendants.
---------------------------------------------------------------------x

FIRST
AMENDED COMPLAINT

23-cv-8743 (RPK) (JAM)

Jury Trial Demanded

      Plaintiff, LUKE HERIGEL by his attorney, EDWARD FRIEDMAN, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the plaintiff's civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2.    The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. ''1331, 1343 and 1367.

4. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Prior to the commencement of this action, and within ninety (90) days of the occurrence described herein, Plaintiff served a notices of claim, in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law of the State of New York.

6. More than ninety (90) days passed between the service of Plaintiff's notice of claim and the commencement of this action, and during such period the Defendant City of New York neglected and refused to pay said claim or adjust same.

7. New York General Municipal Law Section 50(h) hearings have been scheduled and Plaintiff intends to appear and subject himself to questioning as required.

8. This action is being commenced within one year and ninety (90) days of the occurrence complained of herein that gave rise to Plaintiff's injuries, and Plaintiff has complied with all of the prerequisites for bringing this action.

## VENUE

9. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

10. Plaintiff respectfully demands a trial by jury of all issues in the matter

pursuant to Fed. R. Civ. P. 38(b).

## **PARTIES**

11. Plaintiff LUKE HERRIGEL, a 25 year old male with no Criminal record is a legal resident of the United States and a resident of the State of New York.

12. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

14. That at all times hereinafter mentioned, the defendants, LAUREN GARCIA, PAUL LONCKE, OSVALDO CONTRERAS and PATRICK GROVES, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

15. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

16. Each and all of the acts of the defendants alleged herein were done by said

3

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

17. Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

18. On December 08, 2022 at approximately 6:45 A.M. plaintiff LUKE HERRIGEL was aboard a northbound G subway train as it pulled into Hoyt Schermerhorn station when the train was held up for several minutes with the doors closed. When the doors of the subway train, he was arrested by several members of the New York City Police Department without probable cause, handcuffed and escorted to the NYPD 868 Command office in the Hoyt Schermerhorn station.

19. While at the 868 Command office he was vigorously interrogated by the individual defendants for two hours and issued a desk appearance ticket (DAT) which ordered him to appear in Brooklyn Criminal Court on December 28, 2022.

20. He was told by the officers that he was being charged with Making Graffiti, Obstructing Governmental Administration in Second Degree and Criminal Trespass in the Third Degree on December 6, 2022.

21. Plaintiff repeatedly denied the charges to the defendants stating to them that he had an alibi for the day and time in question.

22. Plaintiff appeared in the arraignment part of Brooklyn Criminal Court with his privately retained attorney on December 28, 2022 and officially charges with the above

4

charges. He made appearances in Brooklyn Criminal Court on January 30, 2023 and April 6, 2023 when his case was dismissed because the Brooklyn District Attorney's Office declined to prosecute him.

23. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of freedom emotional distress, embarrassment, legal expenses and humiliation, and deprivation of his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C.§1983)

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

26. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police

Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

30. As a result of the aforementioned conduct of defendants, plaintiff was injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest Under 42 U.S.C. §1983)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. The defendants unlawfully arrested the plaintiff against his will without probable cause.

33. As a result of the foregoing, plaintiff was deprived of her Fourth and Fourteenth Amendment rights.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution Under 42 U.S.C. §1983

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "33" with the same force and effect as if fully set forth herein.

35. The Plaintiff was prosecuted for the above charges, without probable cause, from December 28, 2023 to April 6, 2023.

36. As a result of the aforementioned conduct of defendants, plaintiff was injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Municipal Liability Under 42 U.S.C. §1983)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39. The aforementioned customs, policies, usages, practices, procedures and rule of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, detention and use of excessive force. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

40. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

41. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

42. The foregoing customs, policies, usages, practices, procedures and rules of The City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

43. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was unlawfully seized, detained and incarcerated.

44. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

45. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest and malicious prosecution.

## AS AND FOR A FIFTH CAUSE OF ACTION
(False Arrest Under New York State Law)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The defendants unlawfully arrested the plaintiff against his will without probable cause.

48. As a result of the aforementioned conduct, plaintiff was unlawfully detained in violation of New York law.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution Under New York State Law)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The defendants maliciously prosecuted the plaintiff without probable cause resulting in a favorable disposition for plaintitt.

51. As a result of the aforementioned conduct, plaintiff was maliciously prosecuted in violation of New York law.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Vicarious Liability Under New York State Law)

52. Plaintiff repeats, reiterates and realleges each and every allegation

contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein

53. Plaintiff's injuries herein were caused by the false arrest and malicious prosecution of the defendant City of New York's employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

54. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

55. As a result of the foregoing, plaintiff is entitled to compensatory damages from City of New York and the individual defendants in an amount in excess of the jurisdictional amount of this court to be fixed by a jury.

56. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants I an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

WHEREFORE, plaintiff demand judgment and prays for the following relief, jointly and severally, against the defendants:

A. Full and fair compensatory damages in an amount to be determined by a jury;

B.   Punitive damages against the individual defendants in an amount to be determined by a jury;

C.   Reasonable attorney's fees and the costs and disbursements of their actions; and

D.   Such other and further relief as appears just and proper.

Dated:   Brooklyn, New York
        April 24, 2024

                                              EDWARD FRIEDMAN (EDF 4000)
                                              Attorney for Plaintiff
                                              26 Court Street - Suite 1903
                                              Brooklyn, New York   11242
                                              (917) 797-2806